UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| BOBBIE J. JOHNSON, individually and on behalf of others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> BRIDGES OF INDIANA, INC., JON BURLISON and PRISCILLA BURLISON, <br><br> Defendants. | 2:10-cv-153-LJM-WGH |

## ORDER ON PLAINTIFF'S
## MOTION FOR DISCOVERY PROTECTIVE ORDER

This matter came before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on Plaintiff's Motion for Discovery Protective Order filed July 13, 2010. (Docket No. 25). Defendant Bridges of Indiana, Inc. ("Bridges"), filed a Response on July 27, 2010. (Docket No. 33). The Magistrate Judge conducted a hearing on July 28, 2010, at which he heard evidence from three witnesses.

### Findings of Fact

The Magistrate Judge finds the following facts:

1. Plaintiff has established that Bridges' counsel collected certain affidavits found at plaintiff's Exhibit 1 in the course of their discovery in a case

- 2 -

denominated *Sherry L. Cooper, individually and on behalf of others similarly situated v. Bridges of Indiana,* now pending in the Vigo Superior Court.

    2.  Those affidavits were presented to Bridges' employees who perform the job of "consumer associate."

    3.  The affidavits, in certain pertinent parts at paragraphs 3-6, contained statements which are partially factual and partially legal conclusion, which were drafted by the company and its lawyers, and which were not drafted as the result of the testimony of any specific consumer associate.

    4.  The consumer associates were brought into the company's headquarters to review and sign the largely pre-prepared affidavits.[1]  There were four meetings at four locations where almost all of the consumer associates signed these affidavits.

    5.  An attorney for Bridges was present at most, but not all, of the sessions where these affidavits were signed.  A company supervisor was present at all meetings.

    6.  Ms. Wetnight did not attend these meetings because she was no longer a "consumer associate" at the time these affidavits were prepared.  She went individually to corporate offices to sign her affidavit.

    7.  These affidavits were produced some five months before the filing of the lawsuit currently pending in this court.

---

[1] The affidavits at paragraphs 3-6 were prepared before any consumer associates were contacted.  Paragraphs 7 and 8 were not prepared in advance.

8. The Magistrate Judge finds no evidence that Bridges or its counsel intentionally attempted to obtain incorrect or false evidence by coercing consumer associates to execute these affidavits.

9. The Magistrate Judge finds that given the current status of this lawsuit – which challenges whether "consumer associates" are entitled to be paid as salaried employees – the use of the same process to obtain affidavits from all consumer associates poses a significant and definite threat that "evidence" – in the form of admissions against interest of potential class members – could be obtained by the use of this same process. This is because requiring a "consumer associate" to appear at the corporate offices while being given a preprinted affidavit in the presence of company supervisory officials and company attorneys does present some element of coercion.

10. While the Magistrate Judge has every reason to believe that attorneys for Bridges would maintain their professional obligations to appropriately notify potential class members of the attorneys' role in the matter, the creation of affidavits is a form of creation of evidence, and not merely a discovery device.

### Conclusions and Protective Order

The Plaintiff's Motion for Discovery Protective Order is **GRANTED, in part,** and **DENIED, in part,** as follows:

1. Therefore, the Magistrate Judge concludes that while there has been an insufficient showing of misconduct to establish that discovery may not be commenced or conducted by Bridges' counsel, there has been a sufficient

showing that the gathering of "evidence" by the use of affidavits as previously described in the *Cooper* case should not occur at this time. Bridges is, therefore, ordered not to obtain affidavits from any consumer associates until this court has concluded whether this case should or should not proceed as a collective action, and if a collective action is approved, after notice has been given to the appropriate potential plaintiffs. Counsel may, of course, meet with the employees for interviews or to obtain information, subject to appropriate professional warnings.

2. Likewise, counsel for plaintiff may engage in discovery and may contact potential class members who are not members of the corporate control group. However, because Bridges is prohibited from assembling evidence by way of affidavit, plaintiff's counsel shall also be prohibited from assembling evidence by way of affidavit until the court has concluded whether this matter should proceed as a collective action. To clarify, plaintiff's counsel may conduct interviews and discuss the issues with potential plaintiffs as he would in the normal course of discovery, and he may be entitled to obtain affidavits from any consumer associates who determine that they wish to opt into this case and who file the appropriate consents to opt into the case. Plaintiff may not, however, create affidavits from other consumer associates who have not opted into the case until the class action notice has been sent.

You are hereby notified that the District Judge may reconsider any pretrial matter assigned to a United States Magistrate Judge pursuant to 28 U.S.C. §

- 5 -

636(b)(1)(A) where it is shown that the order is clearly erroneous or contrary to law.

**SO ORDERED.**

**Dated:**  August 2, 2010

_____
William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic copies to:**

Jeffrey W. Ahlers
KAHN DEES DONOVAN & KAHN
ahlers@kddk.com

Larry R. Downs
KAHN DEES DONOVAN & KAHN
ldowns@kddk.com

Robert Peter Kondras Jr.
HUNT HASSLER & LORENZ LLP
kondras@huntlawfirm.net

Crystal Spivey Wildeman
KAHN DEES DONOVAN & KAHN
cwildeman@kddk.com