# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| BOBBIE J. JOHNSON, individually and on behalf of others similarly situated, | ) ) ) |
| Plaintiff, | ) ) Cause No. 2:10-cv-153-WTL-WGH |
| vs. | ) ) |
| BRIDGES OF INDIANA, INC., et al., | ) ) |
| Defendants. | ) |

## ENTRY ON MOTIONS RELATING TO CLASS CERTIFICATION

This cause is before the Court on the Plaintiff's Motion to Certify Collection Action Status (dkt. no. 35). The motion is fully briefed and the Court, being duly advised, **DENIES** the motion for the reasons set forth above. In light of this ruling, the Plaintiff's Motion for Approval of Proposed Collective Action Notice (dkt. no. 37) is **DENIED AS MOOT**.

*Plaintiff's Allegations*

Plaintiff Bobbie Johnson worked for Defendant Bridges of Indiana, Inc., ("Bridges") as a "consumer associate" providing in-home services for disabled "consumers." In support of the instant motions, Johnson asserts the following facts. Consumer associates are scheduled to work 24-hour shifts in a particular consumer's home providing caregiving services such as "bathing, transportation, participate in community activities and other tasks." Johnson's Brief at 3. Consumer associates work at least 48 hours every week, and every third week the consumer associates work 72 hours. Additionally, consumer associates are scheduled to remain "on call" to cover for an absent co-worker if necessary, which can result in working even more than 72 hours in a given week. Consumer associate are paid an hourly rate and are "typically, but not always, paid for only 40 hours worked in a week, even if the consumer associate worked 48, 72

or more hours in one week." *Id.* at 3-4. Johnson alleges that this manner of compensating consumer associates violates the Fair Labor Standards Act ("FLSA") because the Defendants typically fail to pay consumer associates for hours worked in excess of forty per week, and even when they do pay for additional hours, they pay the consumer associates their normal hourly rate, not the overtime rate Johnson alleges is required by the FLSA.

*Discussion*

Johnson moves to certify the following collective action class:

> Present and former employees of Bridges of Indiana, Inc. who work or worked for Bridges of Indiana, Inc. in a job which Bridges of Indiana, Inc. called "consumer associate," who were scheduled to work twenty-four (24) hour shifts in the home of a Bridges of Indiana, Inc. client, and who were not paid wages and not paid overtime wages (payment at one and one-half times their regularly hourly rate) for work in a calendar week which exceeded forty (40) hours, and who worked for Bridges of Indiana, Inc. at any point in time from June 14, 2007 to the present.

The FLSA provides that an action for unpaid overtime may be brought "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Unlike a traditional class action certified pursuant to Federal Rule of Civil Procedure 23, in an FLSA collective action an individual becomes a plaintiff only if he "'gives his consent in writing to become a such a party and such consent is filed in the court in which such action is brought.'" *Harkins v. Riverboat Servs., Inc.*, 385 F.3d 1099, 1101 (7th Cir. 2004) (quoting 29 U.S.C. § 216(b)). Accordingly, the issue now before the Court is whether it is appropriate to certify the class proposed by Johnson and permit notices to be sent to the members of the class so that they may decide whether to opt-in as plaintiffs in this case.

As noted in *Austin v. CUNA Mut. Ins. Soc'y*, 232 F.R.D. 601 (W.D. Wis. 2006), courts often employ a two-step approach when determining whether a case involves "similarly situated"

employees and therefore may proceed as a collective action under the FLSA:

> In the first step . . . the plaintiff must demonstrate a reasonable basis for believing that she is similarly situated to potential class members. If the plaintiff makes this showing, the court conditionally certifies a class, authorizes notice and the parties conduct discovery. At the close of discovery, the defendant may make a motion for decertification, at which point the court examines in detail the evidence and arguments submitted by the parties on the question of similar situation. If the court finds that any of the opt-in plaintiffs are not similarly situated to the representative plaintiff, it may dismiss them without prejudice. Also, the court may decertify the entire class if none of the class members are similarly situated. However, if the plaintiff demonstrates that the class members are similarly situated, the case proceeds to trial as a class action.

*Id.* at 605. The first step does not impose a high burden on the plaintiff. "Courts have held that plaintiffs can meet their burden by making a 'modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law.'" *Id.* (quoting *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y. 2005)). "Put another way, a plaintiff must demonstrate that there is some factual nexus that connects him to other potential plaintiffs as victims of an unlawful practice." *Id*. at 605-06.

Johnson has submitted several affidavits in support of her allegation that all of the Defendants' consumer associates are subject to the same compensation policies, including the fact that they are never paid an overtime rate of pay. This, she argues, makes all consumer associates similarly situated for FLSA purposes. However, the relevant inquiry is not simply whether the proposed class members are paid overtime; rather, the relevant inquiry is whether the proposed class members are *denied* overtime *to which they are entitled under the FLSA*.

The Defendants allege that some (or perhaps all) of the proposed class members are not entitled to overtime pay because they fall under the companionship services exemption set forth in 29 U.S.C. § 213(a)(15) and defined in the applicable regulation as follows:

3

> As used in section 13(a)(15) of the Act, the term companionship services shall mean those services which provide fellowship, care, and protection for a person who, because of advanced age or physical or mental infirmity, cannot care for his or her own needs. Such services may include household work related to the care of the aged or infirm person such as meal preparation, bed making, washing of clothes, and other similar services. They may also include the performance of general household work: Provided, however, That such work is incidental, i.e., does not exceed 20 percent of the total weekly hours worked.

29 C.F.R. § 552.6. The Defendants have the burden of proof with regard to this affirmative defense, and whether they will be successful in proving that the exemption applies likely will depend upon whether they can demonstrate that a particular consumer associate spent no more than twenty percent of his or her total weekly work hours worked performing "general household work." Indeed, it appears likely to the Court that the Defendants will have to prove the amount of time each consumer associate spent performing general household work *each work week*, as each employee could have fallen under the exemption in some weeks and not others. *See* 29 C.F.R. § 780.10 ("If in any workweek an employee does only exempt work, he is exempt from the wage and hour provisions of the Act during that workweek, irrespective of the nature of his work in any other workweek or workweeks. An employee may thus be exempt in 1 workweek and not in the next. But the burden of effecting segregation between exempt and nonexempt work as between particular workweeks is upon the employer."). The Defendants claim that the job assignments and duties of consumer associates vary greatly depending upon the needs of the consumers to which they are assigned, and this claim finds support in the affidavits submitted by Johnson, which describe a rather wide variety of duties performed for different consumers.

Because an individualized inquiry into the work performed by each consumer associate during each work week will be necessary to determine whether each was exempt from the FLSA, it does not appear to the Court that a class of consumer associates would be similarly situated to

Johnson (and to each other) with regard to the predominant issues in this case. Therefore, the

Court finds that certifying a collective action in this case is not appropriate.

SO ORDERED: 09/28/2010

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification