UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

BOBBIE J. JOHNSON, individually )
and on behalf of others similarly situated, )
)
Plaintiff, )
)
v. ) 2:10-cv-153-WTL-WGH
)
BRIDGES OF INDIANA, INC., )
JON BURLISON and )
PRISCILLA BURLISON, )
)
Defendants. )

**ORDER ON DEFENDANTS' MOTION TO COMPEL**

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on Defendants' Motion to Compel filed February 2, 2011. (Docket Nos. 57-58). Plaintiff filed a Response to Defendants' Motion to Compel on February 15, 2011. (Docket No. 60). Defendants filed a reply brief on February 22, 2011. (Docket No. 61).

**Background**

On August 2, 2010, Defendants served their First Request for Production of Documents. Included within the Requests for Production was Request No. 13, which requested the following:

> Please produce any and all documents that you intend to use to support your claim for attorney's fees, including but not limited to, any formal agreements for services, billing records, or receipts of payment.

(Defendants' First Request for Production of Documents at 7).

On September 2, 2010, Defendants received Plaintiff's Responses to Defendants' First Request for Production of Documents. In the Response, Plaintiff objected to Request No. 13, as follows:

> Objection. Defendant is seeking a privileged communication between attorney and client. While this information may become relevant when Ms. Johnson becomes the prevailing party in this action, that privileged communication is not relevant at this time. Notwithstanding that objection, Ms. Johnson has signed a contingent fee contract. Her attorney's fees will be based on either 1/3 of the overall recovery in the case, or upon the attorney's fees awarded by the Court. Mr. Kondras bills at the rate of $275 per hour currently.

(Response to Defendants' First Request for Production of Documents at Response No. 13).

Following Plaintiff's objection, the parties made efforts to informally resolve the discovery dispute. Despite attempts to resolve the dispute through telephone conversations and written correspondence, the parties were unable to resolve their discovery dispute.

Pursuant to Local Rule 37.1(a), a telephone conference with this Magistrate Judge was held on January 18, 2011. The parties were again unable to resolve the discovery dispute.

Defendants then filed this Motion to Compel. Defendants argue that they would be prejudiced during settlement negotiations if they are not permitted to see Plaintiff's billing records because attorney's fees are a component of an award in a FLSA case such as this. Plaintiff responded by explaining that she is not yet a prevailing party, and, therefore, her attorney's billing records are not relevant. She further argues that her attorney's billing records are attorney work product and also protected by the attorney-client privilege.

**Discussion**

1. Defendants' Motion to Compel seeks all documents, including billing records, that Plaintiff intends to use in her claim for attorney's fees.

2. Plaintiff's Complaint alleges that Defendants have violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

3. "The FLSA directs courts to award reasonable attorneys' fees and costs to *prevailing* plaintiffs." *Spegon v. Catholic Bishop of Chicago,* 175 F.3d 544, 550 (7th Cir. 1999)(emphasis added). Federal Rule of Civil Procedure 54(d)(2) and the common practice in this District requires the court to establish an appropriate fee after the Plaintiff has prevailed at trial.

4. Plaintiff has not yet, and may never, become a "prevailing plaintiff."

5. Rule 26(b)(1) of the Federal Rules of Civil Procedure explains: "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."

6. Because Plaintiff has not yet become a prevailing party, her attorney's billing records are not relevant to any claim she has raised against Defendants, nor is it relevant to any defense that Defendants might raise.

7. If, at the end of the day, Plaintiff loses her FLSA claim and does not become a prevailing party, Defendants could not then file a Motion to Compel seeking discovery of Plaintiff's attorney's billing records, as she would have no claim for attorney's fees and those records would have no relevance. Likewise, at this early stage in the proceedings when plaintiff has failed to yet become a prevailing party, she has no claim for attorney's fees. Therefore, her attorney's billing records are not relevant to any claim or defense.

8. If the reviewing court should conclude that information concerning attorney's fees is relevant at this time, the Magistrate Judge must determine whether the "billing records" are protected by attorney-client privilege or by the attorney work product doctrine.[1]

9. In this case, Plaintiff's counsel represents: "Attorney Kondras' bill contains names and dates of persons he met or spoke with, issues he has researched, and in the same way, through omission, would show efforts he has not taken." (Plaintiff's Brief in Response to Motion to Compel at 7).

---

[1] Plaintiff has disclosed the substance of her attorney's fee agreement in answer to the request. A redacted copy of the agreement is not work product or protected by attorney-client privilege and should be provided if Defendants remain unsatisfied with the response.

10. The attorney work product doctrine[2] in the civil litigation context has been largely codified in Rule 26(b)(3) of the Federal Rules of Civil Procedure. That Rule allows discovery of documents (in this case, a billing record) prepared in anticipation of litigation or *for trial* (to the extent Plaintiff will eventually seek an attorney's fee award, a contemporaneously created record of time spent on the case will be necessary to obtain that remedy) only upon a showing of substantial need and an inability to obtain the substantial equivalent without undue hardship. While the billing statement may be *helpful* to the settlement process, Defendants have not shown a substantial need for it at this time. In the course of settlement negotiations, Defendants, represented by competent counsel, can present an estimate of the reasonable time necessary to accomplish tasks at which Plaintiff has been successful if there is a concern that Plaintiff's counsel has improperly inflated his time. This ability to estimate appropriate time gives Defendants the "substantial equivalent" of this information.

11. Rule 26(b)(3)(B) of the Federal Rules of Civil Procedure require the court to "protect against disclosure of the mental impressions, conclusions, opinions, and legal theories of a party's attorney . . . ." The detailed billing records here provided would disclose Mr. Kondras' impressions, conclusions, opinions, and legal theories.

---

[2]Defendants argue that, when Plaintiff failed to object to the disclosure on the grounds that it was protected attorney work product, Plaintiff waived the argument that her attorney's billing records are protected by the attorney work product doctrine. However, Rule 26(b)(3)(B) makes clear that it is the court's duty to protect attorney work product from disclosure.

## Conclusion

For the reasons outline above, the Magistrate Judge concludes that the information sought by Defendants is not yet discoverable under Rule 26(b)(1) of the Federal Rules of Civil Procedure. Therefore, Defendants' Motion to Compel is **DENIED.**[3]

**SO ORDERED.**

**Dated:** March 17, 2011

William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic copies to:**

Jeffrey W. Ahlers
KAHN DEES DONOVAN & KAHN
ahlers@kddk.com

Larry R. Downs
KAHN DEES DONOVAN & KAHN
ldowns@kddk.com

Caitlin M King
HUNT, HASSLER & LORENZ
king@huntlawfirm.net

Robert Peter Kondras Jr.
HUNT HASSLER & LORENZ LLP
kondras@huntlawfirm.net

Crystal Spivey Wildeman
KAHN DEES DONOVAN & KAHN
cwildeman@kddk.com

---

[3] At this time, the Magistrate Judge declines to address whether the billing records are protected by the attorney-client privilege.